-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES E. COGDELL,

          Plaintiff,

                                                        DECISION AND ORDER
-v-                                           13-CV-0764M

CITY OF ELMIRA, et al.,

          Defendants.

_____

Plaintiff, James E. Cogdell, an inmate at the Ogdensburg Correctional Facility, filed this *pro se* action alleging, *inter alia*, that on May 13, 2012, he was stopped while riding a bicycle near his home by Defendants Sergeant Dunham and Police Officer Comstock of the Elmira Police Department and that Dunham and Comstock subjected him to an unlawful search of his person. He claimed that his pants and underwear were pulled down in public during the search. Shortly thereafter, Officer Comstock used his "Taser" on Plaintiff. While at the Elmira Police Department, Plaintiff was stripped searched by Defendant Police Officer Baer. (Docket No. 1, Complaint, Section 5A, First Claim, at pp. 5-5A.) As a result of being "Tasered," Plaintiff was transported to Defendant St. Joseph's Hospital, where, Plaintiff claimed, Sergeant Dunham conspired with Defendants Dr. Thompson and R.N. Keenry, who, over Plaintiff's objection, injected Plaintiff with "dangerous drugs" without a warrant. (*Id.*, Second Claim, at 5-5A.) Plaintiff thus alleged that he was subjected to an unlawful search and seizure and an unlawful use of excessive force.[1] (*Id.*, at pp. 5, 6.) The Court (Hon. Charles J. Siragusa), upon review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,

---

[1] The use of force by a police officer in the course of an arrest is analyzed under the Fourth Amendment, Graham v. Connor, 490 U.S. 386, 395 (1989), and an excessive force claim asserted by a pre-trial detainee is analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009); Inesti v. Hicks, 2012 WL 2362626, at *12-14 (S.D.N.Y. June 22, 2012) (citations omitted.).

granted Plaintiff permission to proceed *in forma paupers* and dismissed, without prejudice to the filing of an amended complaint, the claims against Defendants City of Elmira,[2] St. Joseph's Hospital, Dr. Thompson, R.N. Keenry and Officer Dewalski because they failed to state claims upon which relief could be granted. The Court further held that the claims against Defendants Sgt. Dunham and Officers Comstock and Baer could proceed to service pending filing of an amended complaint as directed. (Docket No. 6, Decision and Order.) After a couple of extensions of time, Plaintiff filed two amended complaints (Docket Nos. 9 and 10), which are, for the most part, similar. The Court will treat the second filed Amended Complaint as the operative pleading in this matter and proceed to screen it below, *see* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to

---

[2]The Court had substituted the City of Elmira as a defendant in the stead of the Elmira Police Department inasmuch as the Elmira Police Department is not an entity separate and apart from the City for purposes of being sued. (Docket No. 6, Decision and Order, at 3-5.)

construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted).

### A. AMENDED COMPLAINT

Plaintiff, again, sues all the Defendants initially sued, with the exception of Officer Tony Dewalski, who he named in the initial Complaint, but failed to set forth any allegations against him. (Docket No. 6, Decision and Order, at 8, n.3.) The Amended Complaint adds one additional Defendant, Office Corsi and, again, names the Elmira Police Department, although the Court had previously substituted the City of Elmira for the Elmira Police Department. For the reasons set forth previously in the Court's prior Order (Docket No. 6) and below, the Court, again, substitutes the City of Elmira for the Elmira Police Department and dismisses with prejudice the claims against the City of Elmira, St. Joseph's Hospital, Dr. Thompson and R.N. Keenry.

The Amended Complaint, again, alleges that on May 13, 2012, Plaintiff was stopped by Defendants Sgt. Dunham and Officer Comstock while riding his bicycle outside of his home, and that said Defendants conducted an unlawful search of Plaintiff in public by pulling down his pants and underwear thereby exposing Plaintiff's "private parts." He also alleges that while at the police station,

Defendant Officer Baer unlawfully strip searched him three times and subjected him to unnecessary touching "by placing his fingers in plaintiff's buttocks." (Docket No. 10, Amended Complaint, "First Claim Continued," at 5A.) Plaintiff, again, alleges that he was "tasered" and later transported to Defendant St. Joseph's Hospital due to breathing problems. (*Id.*)

Plaintiff next alleges that Sgt. Dunham and Police Officer Corsi used excessive force to subdue him at the hospital and that Comstock "conspired with defendants Dr. Thompson and R.N. Keenry, over plaintiff's objection, to willful[ly] and maliciously inject plaintiff with dangerous drugs without [his] consent . . . ." (*Id.*)

1. City of Elmira

The basis for the Court's dismissal of the City of Elmira, initially, was because Plaintiff failed to allege that the alleged unconstitutional search and uses of excessive force occurred pursuant to a policy or custom of the City's Police Department. (Docket No. 6, Decision and Order, at 4-6.) The Court found that Plaintiff's conclusory allegation that the Elmira Police Department had a "policy or custom" of failing to properly train its officers and "encouraged and/or permitted its officers to engage in the unlawful practice of search and seizure" was insufficient to state a claim of municipal liability against the City. (*Id.*, at 4-5) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (the "mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference"); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 124 (2d Cir. 1991) ("an allegation of municipal policy or custom would be insufficient if wholly conclusory"); *Bradely v. City of New York*, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) ("The Complaint's conclusory, boilerplate language – that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees. . . –

4

is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be arrested without probable cause.") (citation omitted)). The Court, however, provided Plaintiff with an opportunity to amend the Complaint and to allege that "through its deliberate conduct, the [City] [itself] was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

The Amended Complaint, again, fails to state an actionable claim against the City for failing to adequately train and supervise its officers. It, again, contains nothing more than conclusory allegations that simply parrot the standard of municipal liability: "Elmira Police Department, also had a policy or custom of failing to adequately train and supervise its officers. And said defendant encouraged and/or permitted its officers to engage in unlawful use of excessive force." (Amended Complaint, at 6A.) Plaintiff makes the same allegations with respect to the unlawful search claim. (*Id.*, at 5A.) The claims against the City of Elmira are, therefore, dismissed with prejudice. *See, e.g.*, *Bradely*, 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009) ("The Complaint's conclusory, boilerplate language – that the City 'fail[ed] to adequately train, discipline, and supervise' employees and 'fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior' of its employees . . . – is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be arrested without probable cause.") (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint is not required to have "'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

2. <u>St. Joseph Hospital, Dr. Thompson, and R.N. Keenry</u>

Similarly, the Amended Complaint, again, fails to state an actionable claim under 42 U.S.C. § 1983 against St. Joseph's Hospital, Dr. Thompson, and R.N. Keenry. First, Plaintiff, again, fails to

5

allege that these Defendants acted under color of state law or, in other words, were "state actors" for purposes of § 1983. *See West v. Atkins*, 487 U.S. 42, 53, n.10, 57 (1988). While the Court's prior Order had noted that a private entity or person can be found to have acted under color of state law for purposes of liability under § 1983 (Docket No. 6, Decision and Order, at 5 (citing *Coffey v. Coniglio*, 2005 WL 1631057, at *2 ( W.D.N.Y. July 1, 2005)); *see also Wright v. Genovese*, 694 F. Supp. 2d 137, 151 (N.D.N.Y. 2010) (discussing application of *West* to a private physician who was not an employee of hospital, but who had admitting privileges and an ongoing relationship with hospital, which had contract with state. Court did not decide the question, however, because it found physician did not act with deliberate indifference), the Amended Complaint herein, again, alleges in conclusory terms only that these three private actors "were acting under color of state law." This is insufficient to allege a claim that these Defendants were acting under color of state law for purposes of liability under § 1983.

The Amended Complaint also fails to allege the unconstitutional acts of Thompson and Keenry, assuming they were state actors, occurred pursuant to a policy of custom of the hospital. *See Schoolcraft v. City of New York*, 2011 WL 1758635, at *3 (S.D.N.Y. May 6, 2011) ("as state actors, '[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort.'") (quoting *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (internal quotation marks and citations omitted)). Plaintiff's Amended Complaint fails to allege that, even assuming the private actor Defendants were acting under color of state law, the individual Defendants, Thompson and Keenry, acted pursuant to an official policy or custom of the hospital.

Lastly, Plaintiff's allegations that Thompson and Keenry conspired with Sgt. Dunham to violate Plaintiff's rights by injecting him with medication without his consent are wholly conclusory

and fail to state an actionable claim against these Defendants, and the conspiracy claim, either as a separate claim or as a theory to establish that Thompson and Keenry acted under color of state law, must be dismissed. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.") (internal quotation marks omitted); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("[T]he pleading of a conspiracy will enable a plaintiff to bring suit against purely private individuals, [but] the lawsuit will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right").

## CONCLUSION

For the reasons discussed above, Plaintiff's claims against the City of Elmira, St. Joseph's Hospital, Dr. Thompson, and R.N. Keenry are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the U.S. Marshal is directed to serve the Summons and Amended Complaint (Docket No. 10) on Sgt. Dunham, and Police Officers Comstock, Baer, and Corsi regarding the remaining unlawful search and use of excessive force claims.

## ORDER

IT HEREBY IS ORDERED, that the claims against the City of Elmira, St. Joseph's Hospital, Dr. Thompson, and R.N. Keenry are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate Defendants City of Elmira, St. Joseph's Hospital, Dr. Thompson, and R.N. Keenry as parties to this action;

FURTHER, that the Clerk of the Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint (Docket No. 10), and this Order upon Defendants Sgt. Dunham, and Police Officers Comstock, Baer, and Corsi without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the Defendants are directed to respond to the Amended Complaint.

SO ORDERED.

Dated: October 10, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge